IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Civil No. 1:19CV1148 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| 1250 COLTS PRIDE DRIVE, | : | |
| FAYETTEVILLE, CEDAR CREEK TOWNSHIP, | : | |
| CUMBERLAND COUNTY, | : | |
| NORTH CAROLINA, WITH ALL | : | |
| APPURTENANCES AND IMPROVEMENTS | : | |
| THEREON, | : | |
| | : | |
| 625 SPENCER FARLOW DRIVE, UNIT 3-30, | : | |
| CAROLINA BEACH, NEW HANOVER | : | |
| COUNTY, NORTH CAROLINA | : | |
| WITH ALL APPURTENANCES AND | : | |
| IMPROVEMENTS THEREON, | : | |
| | : | |
| and | : | |
| | : | |
| 1857 TRYON DRIVE, UNIT 2, | : | |
| FAYETTEVILLE, ROCKFISH TOWNSHIP, | : | |
| CUMBERLAND COUNTY, | : | |
| NORTH CAROLINA, WITH ALL | : | |
| APPURTENANCES AND IMPROVEMENTS | : | |
| THEREON, | : | |
| Defendants. | : | |

## **<u>VERIFIED COMPLAINT OF FORFEITURE</u>**

NOW COMES Plaintiff, United States of America, by and through Matthew G.T. Martin, United States Attorney for the Middle District of North Carolina, and respectfully states as follows:

1.     This is a civil action <u>in rem</u> brought to enforce the provisions of 18 U.S.C. § 981(a)(1)(C) for the forfeiture of the aforesaid defendant real properties which constitute or were derived from proceeds traceable to an offense constituting specified unlawful

activity as defined in 18 U.S.C. § 1956(c)(7), or a conspiracy to commit such offense, specifically a violation of 18 U.S.C. § 1347 (health care fraud), and/or 18 U.S.C. § 641 (theft of public money, property, or records).

2.     The defendant properties are as follows:

a.     All that certain lot or parcel of land known as 1250 Colts Pride Drive, Fayetteville, Cedar Creek Township, Cumberland County, North Carolina, with all appurtenances and improvements thereon, more particularly described as follows:

> BEING all of Lot 24 in a subdivision known as Holbrook Farms at Cedar Creek a Zero Lot Line Development, according to a plat of same duly recorded in Book of Plats 108, page 183, Cumberland County Registry, North Carolina

(See Exhibit A-1 attached hereto).   The record title holders of the subject real property are Willie Dosher Cain and Amy Candice Cain.   The property was acquired on or about April 25, 2006, by North Carolina General Warranty Deed recorded in the Cumberland County Register of Deeds at Book 7218, Pages 894-895.

b.     All that certain lot or parcel of land known as 625 Spencer Farlow Drive, Unit 3-30, Carolina Beach, New Hanover County, North Carolina, with all appurtenances and improvements thereon, more particularly described as follows:

> A unit ownership in real property pursuant to Chapter 47C of the General Statutes of North Carolina and being known and designated as Unit 3-30 In Paradise Cove, Phase 2, (Building 3) a condominium development, as the same is shown and described on a map thereof recorded in Condominium Plat Book 15 at Page 85 through 90 in the Office of the Register of Deeds of New Hanover County, North Carolina, and in the Declaration of

Condominium recorded in Book 4869, at Page 3078 and following pages in said Registry, and all amendments and supplements thereto, specifically including that Supplement in Book 4924 Page 1509, and said unit is also conveyed SUBJECT TO AND TOGETHER WITH all of the rights, easements, covenants, terms, conditions of said Declaration and all amendments and supplement thereto, and being part of the same lands described in the deed recorded in Book 4608 at Page 798 in said Registry.

(See Exhibit A-2 attached hereto). The record title holders of the subject real property are Willie D. Cain and Amy Candice Cain. The property was acquired on or about September 18, 2014, by North Carolina General Warranty Deed recorded in the New Hanover County Register of Deeds at Book 5849, Pages 66-70.

     c.     All that certain lot or parcel of land known as 1857 Tryon Drive, Unit 2, Fayetteville, Rockfish Township, Cumberland County, North Carolina, with all appurtenances and improvements thereon, more particularly described as follows:

Being all of Unit 7-B, of Phase XI, Briarcliff Condominiums, as shown on a map of Phase X and Phase XI, Briarcliff Condominiums, as recorded in Condominium Book 1, Page 112-116, Cumberland County Registry, North Carolina.

(See Exhibit A-3 attached hereto). The record title holders of the subject real property are Willie D. Cain and Amy C. Cain. The property was aquired on or about April 2, 2008, by North Carolina Special Warranty Deed recorded in the Cumberland County Register of Deeds at Book 7855, Page 383-384.

3.     Plaintiff brings this action <u>in rem</u> in its own right to forfeit and condemn the defendant real properties.   This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

4.     This Court has venue pursuant to 28 U.S.C. § 1355(b)(1) and 1395.

5.     The defendant real properties have not been seized, and one or more of the acts giving rise to forfeiture occurred in this district.   The United States of America does not request authority from the Court to seize the defendant properties at this time.   The United States will, as provided by 18 U.S.C. § 985(b) and (c)(1):

    a.     post notice of this action and a copy of the Complaint on the defendant real properties;

    b.     serve notice of this action on the defendant real property owners and any other person or entity who may claim interest in the defendant real properties; and

    c.     file a Lis Pendens in the county records of the properties status as a defendant in this action.

6.     The facts and circumstances supporting the forfeiture of the defendant real properties are contained in Exhibit A, attached hereto and wholly incorporated herein by reference.

WHEREFORE, the United States of America prays that judgment be entered declaring the defendant properties be forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

This the 20th day of November, 2019.

Respectfully submitted,

MATTHEW G.T. MARTIN
United States Attorney


/s/Lynne P. Klauer
Lynne P. Klauer
Assistant United States Attorney
NCSB #13815
101 S. Edgeworth Street, 4th Floor
Greensboro, NC 27401
Phone: (336) 333-5351
Email: lynne.klauer@usdoj.gov

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I verify under penalty of perjury under the laws of the United States of America, that the contents of the foregoing Complaint are true and correct to the best of my knowledge, information and belief.

George Earl Boyles
Special Agent
Department of Veterans Affairs

## DECLARATION

I, George Earl Boyles, a Special Agent with the United States Department of Veterans Affairs, Office of Inspector General (VA-OIG), state under the penalty of perjury, pursuant to Title 28, United States Code, Section 1746, that the following is true and correct.

1.     I am a Special Agent with the Department of Veterans Affairs (VA), Office of Inspector General (OIG), currently assigned to Fayetteville, North Carolina and have been so employed since March 2010. I am responsible for felony investigations of crimes impacting the programs, operations, and/or property of the VA. That responsibility includes investigating Healthcare Fraud, Wire Fraud, Mail Fraud and Theft of Government Funds, which occur in the Middle District of North Carolina. I was previously employed as a Special Agent for the United States Army Criminal Investigation Command for ten years, serving in various locations including the United States Army Installation, Fort Bragg, in Fayetteville, North Carolina. My responsibility there was the investigation of felony crimes having nexus to the United States Army and included Economic Crimes investigations. I have participated in over 150 felony criminal investigations.

2.     This declaration is in support of a Verified Complaint of Forfeiture for the real property known as:

a.     1250 Colts Pride Drive, Fayetteville, North Carolina;

b.     625 Spencer Farlow Drive, Unit 3-30, Carolina Beach, North Carolina; and

c.     1857 Tryon Drive, Unit 2, Fayetteville, North Carolina.

The facts and information contained in this declaration were obtained in the course of an ongoing investigation and are based on my personal knowledge or review of materials obtained during the investigation.



3.     Based on the information set forth in this declaration, there is a reasonable basis to believe the real properties identified in paragraph 2 above are subject to forfeiture pursuant to Title 18, United States Code, Section 981, as they constitute or were derived from proceeds of a specified law activity specifically violations of Title 18, United States Code, Sections 1347 (health care fraud) and/or 641 (theft of public money, property or records). This declaration does not include all of the information gathered thus far in the investigation.

4.     This investigation concerns Willie Dosher CAIN, who fraudulently obtained Veterans Benefit Administration (VBA) benefit payments which were deposited into his bank account(s) on a regular and recurring basis, or paid to or for his benefit through checks and payments to third party vendors for personal expenses, loan and credit cards payments, transfers to third parties, vehicle purchases, and the purchase and/or refinance of the defendant real properties in violation of Title 18, United States Code, Section 1347 and Title 18, United States Code, Section 641.

Relevant VA Programs and Services

5.     The VA operates the nation's largest integrated health care system, with more than 1,700 hospitals, clinics, community living centers, domiciliaries, readjustment counseling centers, and other facilities. A VA Regional Office is situated at 251 N. Main St., Winston-Salem, NC 27155 (Winston-Salem VARO). The Winston-Salem VARO processes approximately 64,000 disability-related claims per year, including the claims submitted by CAIN.

6.     The VBA is an agency of the VA responsible for administering programs that provide financial and other forms of assistance to veterans, their dependents, and survivors. Major

2

benefits include veterans' compensation, veterans' pension, survivors' benefits, rehabilitation and employment assistance, education assistance, home loan guaranties, and life insurance coverage.

7.     VA Disability Compensation is a benefit paid to a veteran because of injuries or diseases that happened while on active duty or were made worse by active military service.

8.     Aid & Attendance (A&A) is an additional VA payment, supplementing the VA pension, available to veterans requiring a higher level of regular care provided by another person or facility. Examples of "higher level of care" cited in 38 C.F.R. § 3.352 include "inability of claimant to dress or undress himself," "frequent need of adjustment of any special prosthetic or orthopedic appliances," "inability to attend to the wants of nature," and "permanently bedridden." The need for A&A means helplessness or being so nearly helpless as to require the regular "aid and attendance" of another person.

9.     A variety of additional benefits are available through the VA Rehabilitation and Prosthetic Services division, which is responsible for policies and programs for medical rehabilitation, and prosthetic and sensory aids services that promote the health, independence and quality of life for Veterans with disabilities.  Available benefits include but are not limited to home improvements and structural alterations, the purchase and adaptation of vehicles, clothing allowances, and the purchase of mobility devices.

VA Benefits and CAIN's Disability Claims

10.     On September 7, 2017, VA-OIG received a report that CAIN had grossly exaggerated his claim of service-connected disability in order to obtain increased monthly benefit payments from the VA.  The report came from CAIN's estranged wife, who said that although CAIN claimed loss of use of his lower extremities, he was able to walk and carry out regular daily

3

activities. [CAIN and his wife separated on or about February 11, 2017, and divorced on or about November 8, 2018.]

11. On September 12, 2017, I conducted a query of a VBA database (SHARE), and determined the following regarding CAIN's VA benefits:

      a.      Cain was listed as 100% Service Connected for multiple conditions;

      b.      Effective October 1, 2009, CAIN's monthly benefit increased from $2,919 per month to $6,819 per month;

      c.      As of December 1, 2016, CAIN began receiving $8,506 per month; and

      d.      CAIN's monthly benefit amount included A&A at the R-2 level with an effective date of August 6, 2014.

12. Inquiries into CAIN's background revealed that CAIN served in the United States Army beginning in 1964. In February 1965, CAIN was struck by shrapnel in the buttocks area during combat in the Vietnam War. Following treatment, CAIN returned to active service and remained on active duty until he was honorably discharged in 1991 at the grade of E-9. Such service included deployment to Vietnam, and a second deployment to the Middle East with a Combat Engineering Unit during the Gulf War.

13. From at least 2008 to the present, CAIN has made numerous representations to the VA that as a result of the February 1965 wound he has suffered various physical conditions and limitations, including loss of use of both legs, as well as loss of control of his bowels and bladder, so as to be 100% disabled and unable to work, unable to conduct daily activities such as dressing or bathing, and unable to defecate or urinate without assistance. The following paragraphs detail

4

examples of specific representations CAIN made to the VA for consideration in determining his benefits.

14. On July 27, 2011, CAIN signed a Statement in Support of Claim, VA Form 21-4138, under penalty of perjury, and submitted it by mail to the Winston-Salem VARO. In it, CAIN requested a service-connected rating and Special Monthly Compensation (A&A), saying that since at least September 2009 he had required medications and physical interventions by his wife to have bowel movements. CAIN attached several documents to his Statement, including a Supporting Statement purportedly from his wife, dated June 30, 2009, stating that CAIN's activities had been limited in the past year and a half, that he had back problems, trouble getting out of bed on his own, trouble rising from a kneeling or seated position, and that "[g]etting up appears to be very painful for him and he gets around with the assistance of a walking cane."

15. On September 17, 2011, CAIN signed a Statement in Support of Claim, VA Form 21-4138, under penalty of perjury, and submitted it by mail to the Winston-Salem VARO. In it, CAIN reiterates his request for rating and A&A based on constipation, and adds that he was diagnosed with cauda equina syndrome[1] based on his 1965 combat injury. CAIN's Statement again includes various supporting documents, including a Supporting Statement purportedly from his wife, dated September 17, 2011, stating, "this letter is to verify the fact that I have to give aid

---

[1] Cauda equina syndrome is a serious medical emergency, and compression of the nerves in the lower portion of the spinal canal causes it, and if left untreated it can lead to permanent loss of bowel and bladder control, parasthesia, and paralysis of the legs. https://www.emedicinehealth.com/cauda_equina_syndrome/article_em.htm (last accessed Oct. 23, 2019).

5

to my Husband in order for him to have bowel movements." CAIN's ex-wife denies making the statement and denies that she ever assisted him in order for him to achieve a bowel movement.

16.    On November 14, 2011, CAIN telephoned a VA call center in Columbia, South Carolina, and filed a claim for special monthly compensation A & A based on bowel issues. The record of this phone call was sent to the Winston-Salem VARO for consideration in determining his disability benefits.

17.    On March 7, 2012, CAIN was examined by a VA physician who completed VA Form 21-2680, Examination for Housebound Status or Permanent Need for Regular Aid and Attendance. The form was submitted to the Winston-Salem VARO for consideration in determining CAIN's disability benefits. On Form 21-2680, the physician noted the following:

   a.    CAIN was seated upright in a wheel chair, which he can usually maneuver by himself, but relies on others for distances and inclines;

   b.    poor ability to walk distances; relies on wheelchair for most daily activity, but able to transfer from wheelchair to bed and can manage a few steps and use a walker for short distances (a few feet) in the home;

   c.    wife assists him at least three times per week with his bowel needs;

   d.    does not leave the home unless wife takes him;

   e.    relies on his wife to drive him to all his appointments and assist him with his wheelchair.

18.    On or about March 12, 2012, CAIN sent a letter to the Winston-Salem VARO, purportedly from his wife, in support of his benefits claim. The letter is nearly identical to one dated September 17, 2011 (*see* ¶15), and asserts she had to give him aid in order for him to have

6

bowel movements, stating "…I would have to use gloves along with a small sterile spoon to help the movement." CAIN's ex-wife denies signing the letter and denies that she ever provided assistance of this nature to CAIN.

19. On December 11, 2012, CAIN signed a Statement in Support of Claim, VA Form 21-4138, under penalty of perjury, and submitted it to the Winston-Salem VARO. The Statement provides in part, "I have loss [sic] control/use of two of my extremities that makes me helpless . . .. My wife dresses me and I have to be transported to and from my residence."

20. On June 27, 2013, the VBA ruled on CAIN's disability claim. The rating included the decision to grant CAIN entitlement to a basic level of special monthly compensation under 38 U.S.C. § 1114, subsection (1) and 38 C.F.R. 3.350(b) on account of being so helpless as to be in need of regular aid and attendance while not hospitalized at U.S. government expense, effective September 30, 2009. In making the decision, the VA considered statements from CAIN about his inability to control his bowels without the aid and assistance of his wife, his inability to walk more than a few steps inside his home, and his reliance on his wife to drive and accompany him outside their home. As a result of this Rating Decision, CAIN's monthly VA benefit increased from $3,073 to $3,761 (as of July 2013).

21. On July 10, 2013, the VA paid CAIN a lump sum in the amount of $18,197.00 in retroactive benefits based on the increase in his disability rating. The money was deposited into CAIN's Pentagon Federal Credit Union checking account ending in 8021.

22. On July 22, 2013, CAIN signed VA Form 21-0958, Notice of Disagreement, under penalty of perjury, objecting to the June 27, 2013 Rating Decision and requesting increased special monthly compensation for a higher level of A & A. As a basis for the disagreement, CAIN asserted

7

that the Rating Decision was predicated on a need for bowel and bladder care three times a week, when in fact he required bowel and bladder care assistance daily.

23.     On September 9, 2013, CAIN signed a Statement in Support of Claim, VA Form 21-4138, under penalty of perjury, and submitted it to the Winston-Salem VARO. In it, CAIN requests assignment of a Decision Review Officer and reiterates his request for increased special monthly compensation for a higher level of A & A because "[my] bowel and bladder treatment . . . is actually every day."

24.     On April 9, 2014, the VBA issued another Rating Decision based on CAIN's disability claim. The decision granted CAIN entitlement, effective September 30, 2009, to a significantly higher level of special monthly compensation under 38 U.S.C. § 1114, subsection (1) and 38 C.F.R. 3.350(b) on account of being so helpless as to be in need or regular aid and attendance. In making the decision, the VA considered statements from CAIN about his inability to control his bowels without the aid and assistance of his wife, his inability to walk more than a few steps inside his home, and his reliance on his wife to drive and accompany him outside their home. As a result of this Rating Decision, CAIN's monthly VA benefit increased from $3,817.42 to $8,330.25. The increase was due to the higher level of A&A, a health care benefit.

25.     On April 28, 2014, the VA paid CAIN a lump sum in the amount of $218,313.32 for retroactive benefits based on the increase in his disability rating. The money was deposited into CAIN's Pentagon Federal Credit Union checking account ending in 8021.

26.     On October 8, 2014, CAIN signed VA Form 21-4502, Application for Automobile or Other Conveyance and Adaptive Equipment, under penalty of perjury. On the form, CAIN indicated he had a loss of use of both feet.

8

27. On October 23, 2014, CAIN signed VA Form 10-1394, Application for Adaptive Equipment Motor Vehicle, indicating he had a loss of use of both legs, above and below the knee.

28. On October 17, 2016, CAIN signed VA Form 10-1394, Application for Adaptive Equipment Motor Vehicle, indicating he had a loss of use of both legs, above and below the knee.

29. On December 14, 2018, CAIN signed an Application for Adaptive Equipment Motor Vehicle, VA Form 10-1394, but failed to indicate the nature of his qualifying disabilities.

30. On February 12, 2019, CAIN signed VA Form 10-1394, Application for Adaptive Equipment Motor Vehicle, but again failed to indicate the nature of his qualifying disabilities.

CAIN's Background and Evidence His Claims are False

31. Following his discharge from the United States Army, CAIN served as a police officer with the Fayetteville Police Department in Fayetteville, North Carolina, from 1992 until his retirement in 2007. During his service with the Fayetteville Police Department, CAIN served as a physical training officer, a firearms instructor, and a member of the Emergency Response Team.

32. Following his retirement from the Fayetteville Police Department in 2007 to the present, CAIN has worked as a certified firearms instructor providing firearm instruction and concealed carry certification classes to paying customers.

33. Following his retirement from the Fayetteville Police Department in 2007, until 2015, CAIN served as head of security for his church, such service requiring CAIN to conduct patrols of the church grounds during services.

9

34.     During the years 2009 to the present, CAIN has enjoyed an active life including working as a firearm and concealed carry instructor, enjoying beach activities, playing basketball, dancing, and conducting an active social life.

35.     I have reviewed photographic and video images taken between the years 2009 to the present, depicting CAIN dancing, surfing and riding waves, attending parties and sporting events standing and walking unattended and unassisted, and playing basketball.

36.     I interviewed CAIN's ex-wife on October 17, 2017 and November 8, 2017 (before their divorce), and March 4, 2019. Over the course of these interviews, she made numerous statements relating to CAIN's health and needs, including the following:

      a.  she never provided any assistance with feeding or bathing and refuted she ever assisted CAIN with any type of bodily waste elimination;

      b.  CAIN was very self-sufficient in all his personal daily activities including feeding and bathing;

      c.  CAIN had been seen by a spine specialist in Fayetteville, NC and she accompanied him to a training class about how to care for him if he ever needed assistance with bowel movements; however, she never had to actually assist CAIN. CAIN explained to her the training and equipment they received were precautionary for the event he might ever need her assistance;

      d.  She denied she ever signed her name to, or submitted a letter to, the VA on CAIN's behalf;

      e.  CAIN had a motorized scooter but only used it when he had bowel and bladder appointments at the VA Spine Clinic. CAIN never used the scooter at their

10

home; and

    f.   CAIN never had an outside caregiver stay in their home.

## Disability, A&A Benefits

37.    The Rating Decision on April 9, 2014, effectively increased CAIN's monthly disability and A&A benefits to the highest level available to veterans. From December 2018 to present, for example, CAIN's gross monthly benefit was $8,919.54, which includes approximately $5,583.39 per month in A&A. From December 2017 to November 2018, CAIN's gross monthly benefit was $8,676.60, including approximately $5,431.32 per month in A&A. (Note: These amounts do not include CAIN's military retirement benefit.)

## PenFed Bank Account (8021 & 5024)

38.    From at least 2009, CAIN had a "PenCheck Plus" checking account ending in 8021. On January 31, 2017, he opened an "Access America" checking account ending in 5024 and transferred the balance of account 8021 ($89,151.94) to account 5024. All of CAIN's VA benefits were electronically deposited to his checking account ending in 8021 until January 31, 2017, and thereafter to the successor checking account ending in 5024. Similarly, CAIN's military retirement, social security benefits, and state retirement payments are electronically deposited to his checking account.

## Defendant Real Property – 1250 Colts Pride Drive, Fayetteville, North Carolina

39.    On or about April 25, 2006, CAIN and his wife purchased the defendant real property at 1250 Colts Pride Drive, Fayetteville, North Carolina. Based on the transfer tax paid, the purchase price of the property was approximately $254,000.00. A Deed of Trust was recorded on April 28, 2006 securing a loan in the amount of $254,000.00. On or about January 3, 2008, the

11

property was refinanced and a new Deed of Trust was recorded securing a loan in the amount of $259,200.00. On or about October 29, 2008, the property was again refinanced and a new Deed of Trust was recorded securing a loan in the amount of $272,919.00. On or about January 12, 2011, the property was refinanced for the third time and a new Deed of Trust was recorded securing a loan in the amount of $267,450.00. On or about February 12, 2013, the property was refinanced a fourth time and a new Deed of Trust was recorded securing a loan in the amount of $253,500.00.

40. A Specially Adapted Housing (SAH) grant is available to service members and veterans with certain permanent and total service-connected disabilities to help purchase or construct an adapted home or modify an existing home to accommodate a disability. CAIN became eligible for the SAH grant as a result of the findings in the Rating Decision dated April 9, 2014.

41. CAIN received SAH grant funds in the total of $85,645.00 ($70,465 in 2016 and $15,180 in 2018) to fund additions and modifications to the defendant property at 1250 Colts Pride Drive, Fayetteville, North Carolina.

42. On or about December 2, 2014, VA paid a total of approximately $8,158.49 for the purchase and installation of a vertical platform lift at the defendant property at 1250 Colts Pride Drive, Fayetteville, North Carolina.

43. Based on reviews of PenFed Bank records, monthly mortage payments on the loans secured by the defendant real property at 1250 Colts Pride Drive came from CAIN's checking accounts ending in 8021 and 5024, to which proceeds of the fraudulent activity described in this declaration were deposited.

Defendant Real Property – 625 Spencer Farlow Drive, Unit 3-30, Carolina Beach, North Carolina

12

44.     New Hanover County deed records show that on November 3, 2014, CAIN and his wife purchased the defendant real property, a beach condominium, at 625 Spencer Farlow Drive, Unit 3-30, Carolina Beach, North Carolina. Based on the transfer tax paid, the purchase price of the property was approximately $128,000.00. A Deed of Trust was recorded on November 3, 2014 to secure a loan in the amount of $102,400.00.

45.     PenFed Bank records show that on October 30, 2014, CAIN withdrew $28,138.32 in the form of an official check from his PenCheck Plus account ending in 8021. Based on the transfer tax and Deed of Trust described in the preceding paragraph, this amount appears to be the amount due from CAIN at closing of the purchase of the Carolina Beach property.

46.     Based on reviews of PenFed Bank records, monthly mortgage payments on the loan secured by the Carolina Beach real property came from CAIN's checking accounts ending in 8021 and 5024, to which proceeds of the fraudulent activity described in this declaration were deposited.

47.     On June 20, 2019, I visited 625 Spencer Farlow Drive, Unit 3-30. I noted the Unit is on the third floor, and there is no elevator or other means of access to the third floor for a wheelchair.

Defendant Real Property – 1857 Tryon Drive, Unit 2, Fayetteville, North Carolina

48.     Cumberland County deed records show that on April 7, 2008, CAIN and his wife purchased a condominium located at 1857 Tryon Drive, Unit 2, Fayetteville, North Carolina. A Deed of Trust was recorded on April 7, 2008 to secure a loan in the amount of $46,525.00.

49.     Based on reviews of PenFed Bank records, monthly mortgage payments on the loan secured by the defendant real property at 1857 Tryon Drive, Unit 2, came from CAIN's checking accounts ending in 8021 and 5024, to which proceeds of the fraudulent activity described in this

13

declaration were deposited.

## CONCLUSION

50.     Based on my training and experience and the investigation described above, there is a reasonable basis to believe that the real properties identified in paragraph 2 above are subject to forfeiture pursuant to Title 18, United States Code, Section 981, as they constitute or were derived from proceeds of a specified law activity specifically in violations of Title 18, United States Code, Sections 1347 (health care fraud) and/or 641 (theft of public money, property or records).

This the 20th day of November, 2019.

George Earl Boyles
Special Agent
United States Department of Veteran Affairs
Office of Inspector General

14

BK 7218 PG 894

(N.P. SEAL)  019905

RECEIVED
4-28-2006  PM  3:11: 5
J. LEE WARREN JR.
REGISTER OF DEEDS
CUMBERLAND CO., N.C.

CUMBERLAND COUNTY NC  04/28/2006
STATE OF
NORTH CAROLINA        $508.00
Real Estate
Excise Tax

# NORTH CAROLINA GENERAL WARRANTY DEED

Excise Tax: $ 508.00

Parcel Identifier No._____ Verified by _____ County on the ____ day of_____, 20__
By:_____

Mail/Box to: THE BARFIELD LAW FIRM, 2929 Breezewood Avenue, Ste 200, Fayetteville, NC  28303

This instrument was prepared by: THE BARFIELD LAW FIRM, 2929 Breezewood Avenue, Ste 200, Fayetteville, NC  28303

Brief description for the Index:_____

THIS DEED made this 25th day of _____April_____, 20 06, by and between

| GRANTOR | GRANTEE |
|---|---|
| New Homes, INC<br>PO Box 53343<br>Fayetteville, NC 28305 | Willie Dosher Cain and wife,<br>Amy Candice Cain<br>1250 Colts Pride Drive<br>Fayetteville, NC 28312 |

The designation Grantor and Grantee as used herein shall include said parties, their heirs, successors, and assigns, and shall include singular, plural, masculine, feminine or neuter as required by context.

WITNESSETH, that the Grantor, for a valuable consideration paid by the Grantee, the receipt of which is hereby acknowledged, has and by these presents does grant, bargain, sell and convey unto the Grantee in fee simple, all that certain lot or parcel of land situated in the City of _____Fayetteville_____, _____Cedar Creek_____ Township, _____Cumberland_____ County, North Carolina and more particularly described as follows:
BEING all of Lot 24 in a subdivision known as Holbrook Farms @ Cedar Creek a Zero Lot Line Development, according to a plat of same duly recorded in Book of Plats 108, Page 183, Cumberland County Registry, North Carolina.

The property hereinabove described was acquired by Grantor by instrument recorded in Book ____6070____ page ____785____.

A map showing the above described property is recorded in Plat Book_____108_____ page ____183____.

NC Bar Association Form No. L-3 © 1976, Revised © 1977, 2002
Printed by Agreement with the NC Bar Association – 1981    SoftPro Corporation, 333 E. Six Forks Rd, Raleigh, NC 27609

GOVERNMENT
EXHIBIT
A-1

BK 7218 PG 895

TO HAVE AND TO HOLD the aforesaid lot or parcel of land and all privileges and appurtenances thereto belonging to the Grantee in fee simple.

And the Grantor covenants with the Grantee, that Grantor is seized of the premises in fee simple, has the right to convey the same in fee simple, that title is marketable and free and clear of all encumbrances, and that Grantor will warrant and defend the title against the lawful claims of all persons whomsoever, other than the following exceptions: Ad valorem taxes. Restrictions and easements of record.

IN WITNESS WHEREOF, the Grantor has duly executed the foregoing as of the day and year first above written.

New Homes, INC
_____ (Entity Name)

By: _____ (SEAL)
Title: President

_____ (SEAL)

By: _____
Title: _____

_____ (SEAL)

By: _____
Title: _____

_____ (SEAL)

_____ (SEAL)

[Notary seal: JENNIFER L. WOOD NOTARY PUBLIC CUMBERLAND CO., NC]

State of North Carolina - County of _____
I, the undersigned Notary Public of the County and State aforesaid, certify that _____
_____ personally appeared before me this day and acknowledged the due execution of the foregoing instrument for the purposes therein expressed. Witness my hand and Notarial stamp or seal this _____ day of _____, 20___.

My Commission Expires: _____          _____
                                                Notary Public

State of North Carolina - County of Cumberland
I, the undersigned Notary Public of the County and State aforesaid, certify that _____ David M. Allen personally came before me this day and acknowledged that _he is the _____ President of _____ New Homes, INC _____, a North Carolina or _____ corporation/limited liability company/general partnership/limited partnership (strike through the inapplicable), and that by authority duly given and as the act of such entity, __he signed the foregoing instrument in its name on its behalf as its act and deed. Witness my hand and Notarial stamp or seal, this 25th day of _____ April _____, 20 06

My Commission Expires: March 7, 2009          _____
                                               Notary Public  Jennifer L. Wood

State of North Carolina - County of _____
I, the undersigned Notary Public of the County and State aforesaid, certify that _____
_____
_____

Witness my hand and Notarial stamp or seal, this _____ day of _____, 20___.

My Commission Expires: _____          _____
                                                Notary Public

The foregoing Certificate(s) of _____
is/are certified to be correct. This instrument and this certificate are duly registered at the date and time and in the Book and Page shown on the first page hereof.

_____ Register of Deeds for _____ County
By: _____          Deputy/Assistant - Register of Deeds

NC Bar Association Form No. L-3 © 1976, Revised © 1977, 2002
Printed by Agreement with the NC Bar Association – 1981     SoftPro Corporation, 333 E. Six Forks Rd., Raleigh, NC 27609





2014029466

3FOR REGISTRATION REGISTER OF DEED'
TAMMY THEUSCH BEASLEY
NEW HANOVER COUNTY, NC
2014 NOV 03 02 57 02 PM
BK 5849 PG 66-70 FEE $26 00
NC REV STAMP $256.00
INSTRUMENT # 2014029466

This instrument prepared by Kevin T May,
a licensed North Carolina attorney Delinquent
taxes if any, to be paid by the closing attorney
to the county tax collector upon disbursement
of closing proceeds

Prepared By    Attorney Kevin T May, Graves May, P L L C
             **Instrument prepared without examination as to title**

Return To    Ned M. Barnes, Attorney

**Revenue Stamps: $** 256                  **Parcel ID: R08800-005-013-029**

**NORTH CAROLINA**

                                       **GENERAL WARRANTY DEED**

**NEW HANOVER**    COUNTY

THIS DEED made and entered into this 18 day of September, 2014, by and between **Steven M. Brent, / and Deborah S. Brent aka Deborah Joy Giblin, married,** hereinafter called "**Grantors,**", and **Willie D. Cain , and wife, Amy Candice Cain** hereinafter called "**Grantees,**" whose mailing address is **1250 Colts Pride Drive, Fayetteville, NC 28312**

The designation Grantor and Grantee as used herein shall include said parties, their heirs, successors, and assigns, and shall include the singular, plural, masculine, feminine, or neuter as required by context

### W I T N E S S E T H

That the Grantor, for a valuable consideration paid by the Grantee, the receipt of which is hereby acknowledged, has and by these presents does grant, bargain, sell and convey unto the Grantee in fee simple, all that certain lot or parcel of land situated in New Hanover County, North Carolina, and more particularly described as follows

### SEE EXHIBIT A



GOVERNMENT
EXHIBIT
A-2

TO HAVE AND TO HOLD the aforesaid lot or parcel of land and all privileges and appurtenances thereto belonging to the Grantee in fee simple

Grantee herein is prohibited from conveying captioned property for any sales price for a period of 30 days from the date of this deed  After this 30 day period, Grantee is further prohibited from conveying the property for a sales price greater than $153,600 00 until 90 days from the date of this deed  These restrictions shall run with the land are not personal to the Grantee

And the Grantor covenants with the Grantee, that Grantor is seized of the premises in fee simple, has the right to convey the same in fee simple,  that title is marketable and free and clear of all encumbrances, and that Grantor will warrant and defend the title against the lawful claims of all persons whomsoever except for the exceptions hereinafter stated, if any

Title to the property hereinabove described is subject to the following exceptions

a    County and/or Municipal Zoning Ordinances, Rules and
     Regulations
b    Restrictive Covenants, Easements and Rights of way of record
c    Ad valorem taxes for the year 2014 and thereafter

_____ If initialed, the  property includes the primary residence of at least one of the Grantors

IN WITNESS WHEREOF, the Grantors have hereunto set their hands and seals, the day and year first above written

_____(SEAL)
**Steven M. Brent**


STATE OF <u>North Carolina</u>

COUNTY OF <u>New Hanover</u>

I, <u>Erin Swidorski</u>    a Notary Public for <u>New Hanover</u> County, State of <u>North Carolina</u>, do hereby certify that **Steven M. Brent / unmarried** personally appeared before me this day acknowledging to me that they voluntarily signed the foregoing instrument for the purpose stated therein and in the capacity indicated

Witness my hand and official seal, this the <u>9th</u> day of <u>October</u>, 2014

_____
Notary Public

Erin Swidorski
Notary Public
New Hanover County
North Carolina
My Commission Expires  04/06/19

My commission expires <u>04/06/19</u>

TO HAVE AND TO HOLD the aforesaid lot or parcel of land and all privileges and appurtenances thereto belonging to the Grantee in fee simple.

Grantee herein is prohibited from conveying captioned property for any sales price for a period of 30 days from the date of this deed  After this 30 day period, Grantee is further prohibited from conveying the property for a sales price greater than $153,600 00 until 90 days from the date of this deed.  These restrictions shall run with the land are not personal to the Grantee

And the Grantor covenants with the Grantee, that Grantor is seized of the premises in fee simple, has the right to convey the same in fee simple;  that title is marketable and free and clear of all encumbrances, and that Grantor will warrant and defend the title against the lawful claims of all persons whomsoever except for the exceptions hereinafter stated, if any.

Title to the property hereinabove described is subject to the following exceptions:

a.       County and/or Municipal Zoning Ordinances, Rules and
          Regulations.
b.       Restrictive Covenants, Easements and Rights of way of record.
c        Ad valorem taxes for the year 2014 and thereafter.

_____ If initialed, the  property includes the primary residence of at least one of the Grantors.

IN WITNESS WHEREOF, the Grantors have hereunto set their hands and seals, the day and year first above written

<u>Deborah S Brent</u>          (SEAL)
**Deborah S. Brent**


STATE OF <u>Florida</u>

COUNTY OF <u>Duval</u>

I, <u>Karla Blair</u> a Notary Public for <u>Duval</u> County, State of <u>Florida</u>, do hereby certify that **Deborah S. Brent,** ~~married,~~ personally appeared before me this day acknowledging to me that they voluntarily signed the foregoing instrument for the purpose stated therein and in the capacity indicated.

Witness my hand and official seal, this the <u>18th</u> day of <u>September</u>, 2014


_____
Notary Public


My commission expires:



KARLA J. BLAIR
Commission # EE 064569
Expires March 28, 2015
Bonded Thru Troy Fain Insurance 800-385-7019

**EXHIBIT A**

A unit ownership in real property pursuant to Chapter 47C of the General Statutes of North Carolina and being know and designated as Unit 3-_30___ In Paradise Cove, Phase 2, (Building 3) a condominium development, as the same is shown and described on a map thereof recorded in Condominium Plat Book 15 at Pages 85 through 90 in the Office of the Register of Deeds of New Hanover County, North Carolina, and in the Declaration of Condominium recorded in Book 4869 at Page 3078 and following pages in said Registry, and all amendments and supplements thereto, specifically including that Supplement in Book 4924 Page 1509, and said unit is also conveyed SUBJECT TO AND TOGETHER WITH all of the rights, easements, covenants, terms, conditions of said Declaration and all amendments and supplement thereto, and being part of the same lands described in the deed recorded in Book 4608 at Page 798 in said Registry.



TAMMY THEUSCH BEASLEY
REGISTER OF DEEDS, NEW HANOVER
216 NORTH SECOND STREET

WILMINGTON, NC 28401

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| **Filed For Registration:** | **11/03/2014 02:57:02 PM** |
| **Book.** | **RE   5849  Page·  66-70** |
| **Document No.:** | **2014029466** |
| | **5 PGS    $26.00** |
| **NC REAL ESTATE EXCISE TAX.** | **$256.00** |
| **Recorder:** | **JOHNSON, CAROLYN** |

State of North Carolina, County of New Hanover

**PLEASE RETAIN YELLOW TRAILER PAGE WITH ORIGINAL DOCUMENT.**

# \*2014029466\*

2014029466

BK7855PG0383

013746

(N.P. SEAL)

RECEIVED

4- 7-2008    PM  3:46: 1

J. LEE WARREN JR.
REGISTER OF DEEDS
CUMBERLAND CO., N.C.

Prepared by:        Law Office of Miranda R. McCoy
                    5135 Morganton Road
                    Fayetteville, NC 28314
                    DO NOT RETURN RECORDED DEED TO MIRANDA MCCOY

Return to:

No Revenue

## North Carolina Special Warranty Deed

THIS INDENTURE, made on this 2nd day of April, 2008, by and between the Secretary of Veterans Affairs, an Officer of the United States of America, whose address is Department of Veterans Affairs, Washington, D.C. 20420, hereinafter referred to as Grantor, and Willie D. Cain And Amy C. Cain, a corporation, hereinafter referred to as Grantee, whose address is 1250 Colts Pride, Fayetteville, NC 28312.

The designation Grantor and Grantee shall include said parties, their heirs, successors, and assigns and shall include singular, plural, masculine, feminine, or neutral as required by context.

The Grantor, for a valuable consideration paid by the Grantee, the receipt of which is hereby acknowledged, has and by these presents, does grant, bargain, sell and convey unto the Grantee in fee simple, all that certain lot or parcel of land situated near the City of Fayetteville, Cumberland County, North Carolina, and more particularly described as:

BEING ALL OF UNIT 7-B, PHASE XI, BRIARCLIFF CONDOMINIUMS AS SHOWN ON A MAP OF PHASE X AND PHASE XI, BRIARCLIFF CONDOMINIUMS AS RECORDED IN CONDOMINIUM BOOK 1, PAGES 112 THROUGH 116, CUMBERLAND COUNTY REGISTRY, NORTH CAROLINA.

The property described hereinabove was acquired by Grantor by instrument recorded in Book 7677, Page 702, Cumberland County Registry, North Carolina. A map showing the above-described property is recorded in Condominium Book 1, Pages 112-116 of the Cumberland County Registry, North Carolina.

To have and to hold the aforesaid lot and parcel of land and all privileges and appurtenances thereto belonging to the Grantee in fee simple.



GOVERNMENT
EXHIBIT
A-3

BK7855PG0384

and the Grantor covenants to the Grantee that Grantor has done nothing to impair such title as Grantor received, and Grantor will warrant and defend the title against the lawful claims of all persons claiming by through or under Grantor, other than the following exceptions: Easements, restrictions and rights of way of record; and ad valorem taxes for 2008.

In Witness Whereof, the Grantor has duly executed the foregoing as of the day and year first written above.

Pursuant to the provisions of 38 U.S.C. 3720 (a) (6), the Secretary of Veterans Affairs does not seek to exercise exclusive jurisdiction over the within described property.



Secretary of Veterans Affairs,
An officer of the United States of America

By: _____

Its: **MICHAEL MORELAND**
OCWEN Loan Servicing, LLC
Pursuant to a delegation of authority
contained in 38 C.F.R. 36.4342(f)

State of Florida

Orange County

**MICHAEL MORELAND**
**Director, VA REO**

On this date, before me personally appeared _____,
_____, pursuant to a delegation of authority contained in 38 C.F.R. 36.4342(f), to me known to be the person who executed the foregoing instrument on behalf of the Secretary of Veterans Affairs, and acknowledged that he executed the same as the free act and deed of said Secretary.

In Witness Whereof, I have hereunto set my hand and affixed my official seal in the State of Florida aforesaid, this _2_ day of _April_, 2008.

NOTARY PUBLIC-STATE OF FLORIDA
Pasquale V. Palazzolo
Commission # DD558208
Expires: MAY 30, 2010
BONDED THRU ATLANTIC BONDING CO., INC.

_____
Notary Public

My term expires:_____